John M. Harris
J. Harris Legal PLLC.
500 W 5th St, Ste 800, PMB 1041
Winston-Salem, NC, 27101
Tel: (336) 995-7433
*Attorney for Plaintiff Ayriel Hemingway*

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA

---

**JURY TRIAL DEMANDED**

**AYRIEL HEMINGWAY**
**Plaintiff,**

**v.**                          **Case No.** 3:24 CV 00726

**TRUEACCORD CORP.**
**Defendant,**

-------------------------------------------------------X

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

---

COMES NOW Plaintiff, Ayriel Hemingway (from now on "Plaintiff"), by and through her undersigned counsel, John M. Harris, as and for her complaint against Defendant, TrueAccord Corp, (from now on "Defendant"), and alleges as follows:

## I.    <u>INTRODUCTION</u>

1.      This case, brought by Ayriel Hemingway, an individual consumer, alleges TrueAccord Corp. violated the Fair Debt Collection Practices Act. The Act prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The Plaintiff seeks actual and statutory damages.

## II.    <u>JURISDICTION AND VENUE</u>

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. 1331. The venue is proper in this district because the Defendant transacts business in Charlotte, Mecklenburg County, North Carolina, and the conduct complained about occurred there.

## III.    PARTIES

3.      The Plaintiff is a Charlotte, Mecklenburg County, North Carolina resident and a "consumer" as defined by the Fair Debt Collection Practices Act. The defendant, TrueAccord Corp. is a Kansas Corporation with its principal place of business in Lenexa, Kansas, and collects consumer debts.

4.      The plaintiff's alleged "debt," as defined by the FDCPA, 15 U.S.C 1692a (5), arose from a transaction entered into primarily for personal use.

5.       Upon information and belief, TrueAccord Corp. is a Kansas Corporation with its principal place of business at 16011 College Blvd. Suite, 130 Lenexa, Kansas, 66219

6.       The defendant is engaged in collecting debts from consumers using mail, electronic mail (from now on "email"), Small Message Service (from now on "SMS"), and telephone. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

7.       Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. 1692a (6).

## IV.    FACTUAL ALLEGATIONS

8.       On or about May 16, 2024, Defendant texted Ms. Hemingway attempting to collect a debt. However, on May 16, 2024, Ms. Hemingway responded and clearly stated that she doesn't want to be contacted about this debt by your company.

9.       Despite Ms. Hemingway response, Defendant continued to text her on May 22, 2024, and on June 2, 2024. In the letter, Plaintiff clearly and conspicuously conveyed to Defendnat that she refused to pay the debt.

10.      The plaintiff has experienced actual harm due to the illegal collection communications from the debt collector. This includes anxiety, physical illness, panic attacks, difficulty focusing on work, frustration, and other negative emotions. The plaintiff has also suffered from unjustified abusive intrusion upon seclusion.

## V.
### CAUSE OF ACTION
**Violation of 15 U.S.C. § 1692c(c) as to Defendant, TrueAccord Corp.**

11.     Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

12.     The Debt Collector violated the FDCPA.

13.     Congress enacted the FDCPA with a crucial purpose, 'to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

14.     Under the FDCPA, "any debt collector who fails to comply with any provision of § 1692k concerning any person is liable to such person." The act "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 573, 130 S. Ct. 1605, 1606, 176 L. Ed. 2d 519 (2010).

15.     The Debt Collector's numerous and flagrant violations demonstrate an apparent disregard for the law. They include, but are not limited to, a clear violation of 15 U.S.C § 1692c(c) of the FDCPA. This provision explicitly prohibits debt collectors from communicating with the consumer after the consumer has notified in writing that they refuse to pay. The defendant's actions, therefore, not only violate the law but also show a blatant disregard for it.

16.     As a direct and proximate result of the above violations of the FDCPA, Defendant is liable for Plaintiff's actual damages, statutory damages, and costs.

**VI.     <u>JURY DEMAND AND PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff Ayriel Hemingway respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A.  Judgment for the violations occurred for violating the FDCPA;

B.  Actual damages pursuant to 15 U.S.C 1692k (1)(2);

C.  Statutory damages pursuant to 15 U.S.C 1692k (2);

D.  Cost and reasonable attorney's fees pursuant to 15 U.S.C 1692k (3);

E.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

_____/s/ John M. Harris_____

J. Harris Legal PLLC.
NC Bar No. 57002
500 West 5th St, Ste 800, PMB 1041
Winston-Salem, NC, 27101
(336) 995-7433 (telephone)
litigation@jharrislegal.com (email)